## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | |
|---|---|
| RACHEL FETTERMAN, | : Case No. 3:20-cv-440 |
| | : |
| Plaintiff, | : District Judge Walter H. Rice |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| vs. | : |
| | : |
| COMMISSIONER OF THE SOCIAL | : |
| SECURITY ADMINISTRATION, | : |
| | : |
| Defendant. | : |

## DECISION AND ENTRY

This case is before the Court on the parties' Joint Stipulation for an Award of Attorney's

Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. #12).

Specifically, the parties stipulate to an award to Plaintiff of attorney fees in the amount of

$4,000.00, plus $400.00 costs, in full satisfaction and settlement of any and all claims Plaintiff

may have under the EAJA in the above case. Prior to Plaintiff filing an EAJA petition, the

parties jointly reached a resolution to settle EAJA fees in this case. The parties' Stipulation

represents a compromise on disputed positions and is not intended to set precedent for, or a

representation of, any specific hourly rate or total number of hours.

The award of attorney fees will satisfy all of Plaintiff's claims for fees, costs, and

expenses under 28 U.S.C. § 2412 in this case. Any fees paid belong to Plaintiff, and not her

attorney, and said fees can be offset to satisfy pre-existing debt that Plaintiff owes the United

States under *Astrue v. Ratliff*, 560 U.S. 586 (2010).

After the Court enters this award, if counsel for the parties can verify that Plaintiff

owes no pre-existing debt subject to offset, Defendant agrees to direct that the award be made

payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff.

## IT IS THEREFORE ORDERED THAT:

1.  The Parties' Joint Stipulation for an Award of Attorney's Fees under the Equal Access to Justice Act (Doc. #12) is accepted and Defendant shall pay Plaintiff's attorney fees, costs, and expenses in the total amount of $4,400.00;

2.  Counsel for the parties shall verify, **within thirty days of this Decision and Entry,** whether or not Plaintiff owes a pre-existing debt to the United States subject to offset.  If no such pre-existing debt exists, Defendant shall pay the EAJA award directly to Plaintiff's counsel pursuant to the EAJA assignment signed by Plaintiff; and

3.  The case remains terminated on the docket of this Court.

**IT IS SO ORDERED.**

10-27-21

Walter H. Rice
United States District Judge